# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

|  |  |  |
|---|---|---|
| EDUARDO DEL RIO HERNANDEZ,<br>Petitioner,<br><br>v.<br><br>United States Department of Homeland<br>Security: Immigration and Customs<br>Enforcement-Detention and Removal,<br>MARC MOORE, Field Office Director, PAUL<br>ABRAHMS, Deportation Officer<br>United States Attorney General MICHAEL B.<br>MUKASEY; Management and Training<br>Corporation (MTC)–Willacy Detention<br>Center, ERNESTO VELASCO, Warden<br>Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. B-08-CV-384 |

United States District Court
Southern District of Texas
ENTERED

JAN 2 1 2009

Michael N. Milby, Clerk of Court
By Deputy Clerk

## MEMORANDUM OPINION AND ORDER

On July 24, 2008, Petitioner Eduardo del Rio Hernandez filed a Petition for Writ of Habeas

Corpus and Action in 42 U.S.C. 1983, alleging, in part, that he was being detained at the Willacy

Detention Center "in violation of law and the Fourth Amendment to the Constitution of the United

States." (Doc. No. 1 at 1) (emphasis omitted).  On July 29, 2008, Petitioner filed a Notice and an

accompanying exhibit indicating that he had been released from detention on July 25, 2008, and

alleging that $928 contained in a money clip had not been returned to him. (Doc. No. 2).  Petitioner

filed an Application to Proceed In Forma Pauperis on July 29, 2008, as well.  (Doc. No. 4).

On August 20, 2008, Respondents Ernesto Velasco ("Velasco") and Management and

Training Corporation ("MTC"), a/k/a Willacy County Detention Center, filed a Motion to Dismiss

for Failure to State a Claim and an Original Answer. (Doc. Nos. 6 and 7).  Petitioner filed a Motion

to Strike Respondents' Answer and/or Portions of Respondents' Answer on August 30, 2008. (Doc.

No. 8).  Respondents Velasco and MTC responded to Petitioner's Motion to Strike on September 22, 2008.  On September 27, 2008, the remaining Respondents filed a Federal Respondents' Motion to Dismiss, (Doc. No. 11), to which Petitioner responded on October 6, 2008.

Having considered the Petition, the Application to Proceed in Forma Pauperis, Respondents Velasco and MTC's Motion to Dismiss, Petitioner's Motion to Strike, the Federal Respondents' Motion to Dismiss, and the various response briefs, the Court hereby rules as follows: the Application to Proceed In Forma Pauperis (Doc. No. 4) is **DENIED**; the Petition (Doc. No. 1) is **DISMISSED WITH PREJUDICE** with respect to the habeas corpus action as against all Respondents; the Petition is **DISMISSED WITH PREJUDICE** with respect to any § 1983 claim made against Federal Respondents; and the Petition is **DISMISSED WITHOUT PREJUDICE** with respect to the § 1983 claim made against Respondents Velasco and MTC.  In consideration of these rulings, Respondents Velasco and MTC's Motion to Dismiss (Doc. No. 6) is **GRANTED** with respect to a dismissal, but **DENIED** in its request that it be with prejudice; Petitioner's Motion to Strike is **DENIED** as moot (Doc. No. 8); and Federal Respondents' Motion to Dismiss is **GRANTED** (Doc. No. 11).

## Background

Petitioner Hernandez was detained by U.S. Customs and Border protection at the Sarita, Texas Border Patrol Checkpoint on or about July 8, 2008, because he did not possess the necessary proof to show he was a legal resident alien.  He was placed in removal proceedings and ultimately transported to the Willacy County Detention Facility in Raymondville, Texas. Petitioner also alleges that officials at the checkpoint confiscated his money clip, which contained $928, his wallet, and

$127 contained in his pocket.[1]  Petitioner's parents retained counsel on July 14, 2008, and a Motion for a Bond Redetermination Hearing was submitted.  A Bond Hearing was held on July 17, 2008, in front of an immigration judge.  The judge ordered that same day (Thursday) that Petitioner be released on his own recognizance.  Mr. Hernandez, however, remained in custody at the Willacy Detention Center over the weekend.

Mr. Hernandez's lawyer apparently at some point contacted immigration authorities to help secure his release.  On Monday, July 21, 2008, the Office of the Director of Immigration and Customs Enforcement indicated that they would contact the Detention Center.  On July 22, 2008, the same Office indicated to the Hernandez family that no one at the Willacy facility had returned their call and suggested that the Detention Center was "probably too busy with the preparations for [Hurricane Dolly] to do anything about it now." (Doc. No. 1 at 2).[2]  The office of Ernesto Velasco, Warden of the Willacy Detention Center, indicated that Petitioner's release from custody was contingent on receipt of paperwork from "USDHS/ICE/detention and removal," which they had yet to receive.  Petitioner alleges that a copy of the Order was faxed to the Warden's office and confirmed as received.  (*Id.*).  Petitioner further alleges that the Order was brought to the attention of the Warden by one Sylvia Reyna.  Messages were left with "deportation and removal" at the Detention Center on July 22 and 24, 2008 (*id.*); these calls were apparently never returned.  Petitioner filed the instant Petition for Writ of Habeas Corpus and Action in 42 U.S.C. 1983 on July 24, 2008.  Petitioner was released from custody the next day.

---

[1]The Court notes that no claim is made in the Petition for the return of this money.

[2]Most of these "facts" are gleaned from Petitioner's unverified Application.  Federal Respondents state in their Motion to Dismiss that Petitioner's release was delayed "[d]ue to evacuation preparations taken in anticipation of Hurricane Dolly's landfall in South Texas." (Doc. No. 11 at 2).  Hurricane Dolly hit land on July 23, 2008.

## Discussion

### I.    Application to Proceed in Forma Pauperis

Petitioner filed an Application to Proceed In Forma Pauperis on July 29, 2008, four days after his release from Willacy Detention Center. On this Application, Petitioner represents that he has $200 in the bank, is currently employed at a seasonal (six months) job in Florida earning him $1700 biweekly, and that his brother has given him $675 a month for the previous four months. (Doc. No. 4 at 1–2).

Any court may authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, without prepayment of fees and costs, by a person who makes an affidavit that he is unable to pay such costs. 28 U.S.C. § 1915(a). An individual need not be "absolutely destitute" in order to benefit from this statute. *Adkins v. Du Pont*, 335 U.S. 331, 339 (1948). Nonetheless, the court has wide discretion, especially in civil cases for damages, and should grant the privilege sparingly. *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1245 (5th Cir. 1975), *overruled on other grounds*.

The Court finds that Mr. Hernandez's financial condition, as represented in his Application, is not sufficiently meager to come under the protection of the statute, and so the Application is DENIED.

### II.    Habeas Corpus

Mr. Hernandez's Petition was filed while he was still in custody at the Willacy Detention Center. Thus, the Petition's prayer asks the Court to issue a writ of habeas corpus to Respondents commanding them to produce Mr. Hernandez and discharge him per the

4

immigration judge's Order of July 17, 2008.  (Doc. No. 1 at 4).  Mr. Hernandez was released

pursuant to that Order on July 25, 2008, and is no longer in custody at Willacy Detention Center.

For this reason, Federal Respondents contend that Petitioner's request for habeas relief should be

dismissed as moot.  (Doc. No. 11 at 3 ("Federal courts lack subject matter jurisdiction when

cases are moot and present no justiciable controversy,"citing *Sannon v. United States*, 631 F.2d

1247, 1250 (5th Cir. 1980))).

Petitioner, conceding that he has been released from physical custody, nonetheless

contends in his Response to Federal Respondents' Motion to Dismiss that Federal Respondents'

continuing failure to deliver to Petitioner, a legal permanent resident since 1996, his resident

alien card constitutes a restraint on liberty tantamount to being in "custody" for the purposes of

the habeas statute.  (Doc. No. 12 at 4–5 (citing *Jones v. Cunningham*, 371 U.S. 236 (1963))).

The Court finds that Mr. Hernandez has not alleged in his Petition facts sufficient to meet

the criteria for finding that he remains in "custody" for the purposes of a habeas action.  An

individual may seek habeas relief under § 2241 if he is "in custody" under federal authority or for

violation of federal law.  28 U.S.C. § 2241(c).  Petitioner's circumstances have changed

decisively since his Petition was filed.  Most importantly, he is no longer in physical custody.

While it is true that the Supreme Court has expanded the meaning of "in custody" for the

purposes of a habeas action to include any "significant restraint on liberty," e.g., parole and

release on one's own recognizance, see *Jones*, 371 U.S. at 243 and *Hensley v. Municipal Court*,

411 U.S. 345, 352 (1973), Mr. Hernandez's Petition alleges no facts indicating any restraint on

his liberty other than his confinement at the Willacy Detention Center.  Not until his Response to

Federal Respondents' Motion to Dismiss does Petitioner even raise facts concerning his

"missing" resident alien card and the alleged consequent restraints on his liberty.  Moreover,

Petitioner makes only the conclusory allegation that he is in "constructive custody" of Federal

Respondents as a result of the failure to timely issue Petitioner's resident alien card, without

explaining precisely how Respondents are responsible for this failure or citing any authority

defining or applying the concept of "constructive custody" in this habeas context.  Nor does his

prayer for relief even seek measures to alleviate this so-called "restraint."  Finally, 28 U.S.C. §

2242 requires all applications for a writ of habeas corpus to be verified by the applicant or his

representative.  This Application lacks any verification whatsoever.  For all of these reasons, the

Court DISMISSES Petitioner's request for habeas corpus relief.

## III.    Section 1983 Claims

A claim for relief under 42 U.S.C. § 1983 must contain two elements.  The plaintiff is

"first bound to show that they have been deprived of a right secured by the Constitution and laws

of the United States."  Second, the plaintiff must show that the defendant "deprived them of this

right under the color of any statute of the" state.  *Manax v. McNamara*, 842 F.2d 808, 812 (5th

Cir. 1988).  Federal officers and employees may not be sued under § 1983 for activities

undertaken by them pursuant to federal law.  *Zernial v. United States*, 714 F.2d 431, 435 (5th

Cir. 1988).

The Federal Respondents cannot be subject to a § 1983 claim unless they somehow acted

pursuant to state, rather than federal, law.  Petitioner alleges no such facts in his Petition.  Thus,

there can be no § 1983 claim against Federal Respondents.[3]

This presumably leaves only Warden Ernesto Velasco and Management and Training

---

[3]Petitioner admits as much in his Response to Federal Respondents' Motion to Dismiss.  (See Doc. No. 12 at 5).

Corporation (MTC), a/k/a Willacy County Detention Center, as potential § 1983 defendants. Petitioner contends in his Response to Federal Respondents' Motion to Dismiss that "Warden Velasco was acting under color of state law [sic] that provided him the opportunity to Warden [sic] the Willacy County Detention Facility, when he violated [Petitioner's] constitutional rights," presumably by allegedly ignoring the Order to release him.  (Doc. No. 12 at 5). However, Petitioner alleges no facts in his Petition suggesting that Warden Velasco or MTC were acting under color of state law.  Indeed, to the extent that Petitioner was transferred to the facility by United States Customs and Border protection, a federal entity, as part of federal removal proceedings, it is unclear whether MTC or Velasco, as warden of the facility, were acting under color of state or federal law in his supervisory capacity over Petitioner.  Thus, the Court is unable to conclude at this stage without more facts that Velasco or MTC were indeed acting under color of state law at the relevant time.[4]  For this reason, the Court DISMISSES Petitioner's § 1983 claim against Warden Velasco/MTC WITHOUT PREJUDICE.

## IV.    *Bivens* Action

Petitioner discusses in his Response to Federal Respondents' Motion to Dismiss the possibility of an implied *Bivens* action, the equivalent of a § 1983 claim when alleged against *federal* officials acting under color of *federal* law.  However, there are no *Bivens*-type allegations in the Petition, even when construed liberally.  The Petition prays for habeas relief and damages pursuant to § 1983 only.  To the extent, then, that the Petition does not raise a *Bivens* claim, the Court will not consider it.

---

[4]Although Petitioner does not specifically bring a claim against MTC, the Court allows the possibility that the Petition, liberally construed, implies a claim against MTC based on *respondeat superior*.  To the extent that the Court holds there are insufficient facts at this stage indicating Warden Valesco was acting under state law at the relevant time, then a *respondeat superior* claim against his employer, MTC, also fails for this reason.

For these reasons, the Application to Proceed In Forma Pauperis (Doc. No. 4) is **DENIED**; the Petition (Doc. No. 1) is **DISMISSED WITH PREJUDICE** with respect to the habeas corpus action as against all Respondents; the Petition is **DISMISSED WITH PREJUDICE** with respect to any § 1983 claim made against Federal Respondents; and the Petition is **DISMISSED WITHOUT PREJUDICE** with respect to the § 1983 claim made against Respondents Velasco and MTC.  In consideration of these rulings,  Respondents Velasco and MTC's Motion to Dismiss (Doc. No. 6) is **GRANTED** with respect to a dismissal, but **DENIED** in its request that it be with prejudice; Petitioner's Motion to Strike is **DENIED** as moot (Doc. No. 8); and Federal Respondents' Motion to Dismiss is **GRANTED** (Doc. No. 11).

Signed this 20th day of January, 2009.

Andrew S. Hanen
United States District Judge

8